## SEPTEMBER TERM, 1847.

## ELIAB GRIMES and HIRAM GRIMES *vs.* WM. WALKER.

A failure of consideration may always be shown by parol evidence, in defence to an action on a promissory note.

This was an action of assumpsit brought to recover the sum of $705, upon a book account, and two promissory notes payable in firewood.

Defendant admitted that he gave the plaintiffs the promissory notes, but contended that they were entirely without consideration.

The defendant offered to show that the consideration of these notes was the rent of a certain house and lot, the ownership of which was claimed by both parties, and that it was agreed between the plaintiffs and the defendant at the time of giving these notes, that if the property proved to belong to the defendant, the notes should be null and void—that the premises had been given up to defendant by the plaintiffs, and therefore the consideration of the notes had totally failed.

Plaintiffs objected to this evidence, on the ground that it was contrary to the rule of law which forbids the admission of any oral evidence showing any different bargain or agreement from that expressed in the note.

The court overruled the objection, on the ground that a total failure of consideration might always be shewn in defence to an action on a promissory note, and the evidence was accordingly admitted.

The defendant further offered evidence to show that at the time of settlement with the plaintiffs in July, 1846, they gave him a bill of items of his account, in which there were errors sufficient to throw a balance in his favor of $1,624, for which sum he claimed he was entitled to a verdict.

Plaintiffs then offered the testimony of their book-keepers to rebut the evidence of defendant's witnesses; when the case was submitted to the jury.

The jury after an absence of an hour returned into court, stating through their foreman that they had agreed upon a verdict; but before the delivery of the same, the plaintiff's counsel submitted to a nonsuit, and accordingly judgment of nonsuit with costs was entered against plaintiffs.

Mr. Jasper, for plaintiffs.

Mr. DeFiennes, for defendant .